## CIRCUIT COURT OF CHESTERFIELD COUNTY

Noe et al.

v.

Arthur Bishop et al.

November 21, 1989

Case No. CH 89-910

By JUDGE HERBERT C. GILL, JR.

On October 12, 1989, counsel presented argument in regard to (1) defendants' motion to compel document production and a response to interrogatory mailed August 4, 1989, and (2) plaintiffs' request to find defendants in contempt for violation of this Court's Order entered August 24, 1989. The Court heard evidence as to plaintiffs' contempt motion. Memoranda addressing both issues were submitted by counsel.

Defendants seek identification of every "client" contained within a list submitted August 3, 1989, as plaintiffs' Exhibit # 2, "the last date on which that client paid Mid-Atlantic for goods or services, the type of goods or services involved, and the amount paid to Mid-Atlantic." Defendants further request documentation of same. Plaintiffs argue that a response would be unduly burdensome and undermine the Court's award of preliminary injunctive relief. Plaintiffs note that compliance with such a request would require the review of some 14,000 invoices.

Upon consideration of argument presented and memoranda submitted, the Court finds that defendants' Interrogatory and Request for Production as drafted are unduly burdensome within the scope of Rule 4:1. Narrowly tailored, said discovery requests would permit defendants to obtain po-

tentially relevant information without plaintiffs' incurring excessive expense.

Subject to the preliminary injunction, defendants may discover the information previously requested for the period of the parties' association. Identification of clients engaged in business dealings with Mid-Atlantic during the parties' association, types of goods and services provided, and amount paid by said clients is relevant to issues of liability and damages in regard to the claim of conspiracy. "Clients" typically refer to those individuals who either purchase products or are retained on contract for performance of services. Provision of the information is not a license to violate the preliminary injunction.

This Court's Order entered August 24, 1989, in part, provided:

> an injunction is hereby granted restraining the defendants, the Bishops, from affirmatively soliciting, in any manner, either indirectly or directly, any of the customers listed on the attached Mid-Atlantic's customer list for a period of ninety (90) days . . . .

The issue before the Court is whether the evidence presented as defendants' actions while attending a trade show held on September 30 through October 3, 1989, constitute an "affirmative solicitation" of "customers listed" and if so, imposition of what appropriate penalty. The Court finds that although defendants' actions violate the terms of the injunction, imposition of a penalty is not warranted given plaintiffs' failure to present evidence of a resulting harm.

No evidence was offered to dispute that defendants attended the trade show, sat at a registration table, offered brochures promoting the sales of tennis equipment, and that said material was received by individuals contained within the list previously submitted to the Court. Attached to the brochures were business cards for "Bishop Enterprises - Tennis Supply and Construction Co." (*See* Plaintiffs' exhibits # 1 and # 2, received October 12, 1989). Ted Myers stated that defendant Arthur "Skip" Bishop had handed him Plaintiff's Exhibit # 2.

The issue more precisely stated is whether the aforesaid conduct is within the scope of an "affirmative solicitation," the meaning of which is best described as targeting specific individuals/business entities for the purpose of acquiring purchase orders or construction contracts. The "targeting" aspect may be as the result of either the medium chosen or the message conveyed. Advertisement in a newspaper of general circulation is a non-targeting medium. An offer extended to any respondent is a non-targeting message. A letter, addressed to a specific individual, is an example of a "targeted" medium and message. Correspondence sent to a specific individual, yet addressed to a general audience, constitutes a non-targeted message conveyed through a targeted medium. The only distinction between defendant "Skip" Bishop's conduct and mailing a general message to a specific individual is the momentary intervention of the postal service. Defendants' counsel noted that defendants did not encourage participation in the trade show and therefore the requests for material were unsolicited. Again, the "targeting" rationale clarifies the term solicitation. Specific individuals/business entities, whose names are contained within the aforementioned list, received material as the result of defendants' conduct.

Even though defendants' conduct violates the Order, imposition of a penalty is not warranted. Plaintiffs failed to present evidence sufficient to establish prejudice or harm as a result of the violation. Such must be established in order to impose a penalty. *See generally, Deeds v. Gilmer*, 162 Va. 157 (1932).